10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Thomas William Wooten                    CASE NO: 12-20040
  Petitioner,                   Honorable: Marianne O. Battani


        VS:
United States Of America


            Defendant's Response to Prosecution's response to
    28 U.S.C. § 2255.

                         BACKGROUND
        Defendant Thomas William Wooten filed motion under 28
U.S.C. §2255 on February 26,2016. On May 2, 2016 Prosecution
filed a response.      This is response to said response.


        I    The Defendants arguements fail because they have
either already been litigated or arprocedurally defaulted.
            The Prosecutors arguement is a direct contra-
diction of its self. Says I can't raise issues from direct
appeal and I can't raise issues that were not raised on direct appeal
So essenually Prosecution is stating that 2255 motions are unfileable.


        A: ACTUAL INNONCENCE

    Defendant has maintained his innoncence throught the entire
proceding. He has admitted guilt in possessing child pornography,
but adimptly denies any involvment with video found on cell phone
SDcard. As to statement signed by defendant. It was NOT written by
Defendant and I argued that it is not what I said or was taken out
of context. During signing of statement a camera was on the wall of
interrogation room and PER Agent Christenson who claims she is not
sure of its existance. Yet, she is sure that it doesn't record
sound. Defendant had no way of knowing it wouldn't be used at
trial and was actually counting on it. The camera is the only reason
Defendant relented and signed the statement Agent Fleming wrote.



FILED
MAY 2 4 2016
CLERK'S OFFICE
U.S. DISTRICT COURT

B: CAUSE & ACTUAL PREJUDICE

Defendant was locked in 23hour segragation. With no access to the law library and received two letters from appellate attorney The entire time direct appeal was being heard. Neither letter addressed any issue Defendant raised. He never visited Defendant, never answered defendants calls, or called Defendant PER requests of Defendants family members. He filed an appeal at last minute on one point after repeated calls from Defendants family members and only after threat of being reported. Appeal made it to verbal arguements only to fail due to counsel being ill prepared since having NO contact with Defendant. During the direct appeal process Defendant had no access to the courts throught attorney or law library.

## II   Wooten did not receive effective assistance of counsel.

Some of the claims were rised as objection at trial but not raised by appeals attorney. While other claims were simply not raised by either attorney and alll claims aresupported by sound case law. That in itsself makes prosecutions claims FALSE. This motion is PRO-SE Defendant is not an attorney and yet somehow I am argueing them where the attorneys failed. How is that NOT INEFFECTIVE COUNSEL? They were hired to do a job theydid not do.

## A ELEMENTS COUNT TWO

Prosecution states "Defendant stipulated to the fact the interstate commerce element was satsified, and that stipulation, which he signed was read to jury." Prosecutor goes on to argue arguement was never raised during District Court proceedings. Movement has been addiment since discovery of video on SDcard that I did not have any thing to do with it. If a stipulation was signed it was after counsel was retained and their fore on his advice and without the understanding of what I was stipulating to nor did I understand the elements of the charge at the time. Prosecution also states " The Defendantused that phone to produce video" there is no fact to support that claim. There is in fact testimony from Prosecutions expert witness Agent. Matthew Zentz stating that he hasno way of knowing when the video was made. By what device it was made or even what format the video was in when originally made. These statements were made on May 9, 2012,December 11, 2012, July 11, 2013, and February 26, 2014. As the Prosecutor stated the SDcard has no ability to record anything. It is a storage device it could be placed in anything with an SD slot including Digital cameras,Tablets,Cell phones, or even media players. There is nothing to say when the video was made.(T December 11, 2012 PG 102 Line 3. "Ican'tsay when that video was made" (T December 11, 2012 PG 66 line 12-18. "Is there anything in that video to allow you to know when it was made. In terms of the month or year? A. no there isn't" The video was in lost.Dir which is the unallocated space of the SDcard and PER U.S. VS Flyer F.3d911 possession can not be established because I did not have dominion over said video. PER Prosecutions expert I had no way to access video. There was NO evidence of video ever being on the Samsung cell phone seized. Either at time of making or any time there after. If video was made of viewed by cell phone seize

If video was made or viewed by cell phone there would be Cache data on cell phone there is NO data of any kind on cell phone or SDcard to say when it was made or last accessed therefore video does not meet all elements of the crime. Specifically there is nothing saying video was made or even possessed in violation of interstste commerce and also there is nothing to say video was made or even viewed during the times laid out in the indictment as in JONES VS US  227,143 Led 2d 311, 119 SCT 1215 1999. Elements of an offense must be charged in the indictment, submitted to a jury, and proven by the government beyond a reasonable doubt, as there is no evidence available to establish when video was made; On what device it is impossible to meet all elements and defense request for a directed verdict should have been granted at trial.

### B: THE DEFENDANTS HANDCUFFS

On December 13, 2012. I was brought to the court attention, by the case manager that she saw me being escorted to court by two marshals while with a group of jurors. And after learning that it was not a normal occurance. I told my attorney it happened two days before it was corroberated by the marshal The juor that admitted to seeing me was not the one that saw me on the 13th  for reasons unknown. The other juror or jurors did not want to come forward. My attorney stated  his " overwhelming preference" to let matters go on and I would have to point out the fact he was elected District Court Judge for Macomb County and had less than two weeks to argue law as an attorney so his preferance should be taken in context. He went on to argue about the impression that can't be taken back. My biggest concern would be the juror of the 13th that did not speak up though the case manager was clear that she was not alone in seeing me. It was never asked of the case manager if my cuffs were visible but she clearly saw me and the marshals. There is clear case law Defendant has the right to be free of shackles & handcuffs in the presence  of the jury. Ghemnt Vs Woodford Z79 F3d 1121 9cir 2002. Presence of a biased juror cannot be harmless; error requires a new trial without showing of actual prejudice. Fields V Woodford 281 F 3d963 9th cir 2002. Juror bias is evident in that the juror that did not come forward created a situation that remaining one juror could not fix as the identity of the bias juror or jurors is unknown. All that is known is their existance per the case manager.

## C: WITNESS DANIELLE MOORE

Prosecution states Ms. Moore was a prosecution witness which is true. Also true is defense had her listed as a witness. Ms. Moore was interviewed by Agent Christenson during the course of their investigation more times than all other witnesses combined. Defense was hinged entirely off of the termulus relat-i ionship Ms. Moore and the defendant stemming from a custody battle that turned into one accusation after another. Defendant took the stand 2nd. Every event that was brought up was shot down by prosecution since there was nothing to back them. As the other half of the dispute never testified defense has asserted all along that the video was put on the SDcard by Ms. Moore or at her behiest. Also in a interview with Agent Christenson Ms. Moore stated that she didn't know her boyfriend Michael Parsons had a warrent for Failure To Register or that he was a sex offender. Until after they broke up in December of 2011. When in fact Child Protective Services put a safety plan in place in September of 2011 after the defendant brought to their attention his status and the way Ms. Moore taught our child to call him monkey to hide his Identity at the time. She was supposed to testify Ms. Moore claimed pregnancy issues stemming from the pregnancy. She was in the later stages of which was fathered by Matthew Kennedy. Michael Parsons half brother. Parsons had access to Isabelle as well as my home through Ms. Moore as well as my cellphone through Ms. Moore. A feasable arguement could be made off of her behaviour alone but my fundamental right to present a defense was drastically hindered by not being able to call a key witness who was in the court room the very next day so an adjurnment would have only cost the court a few hours. Again the case law is very clear in this matter US V Deering 17Qf3d592-8th cir 1999. Hawkins V Costello 460F3d238 2nd cir 2006. Ramchair V Conway 601f3d66-2nd cir 2010. All talk about the fundamental right to call witnesses in my own defense. I was deprived of that by the prosecution making a vague statement that Ms. Moore is having problems with her pregnancy. She was in court the day before and the day after her testimony was expected. I see that as aploy by prosecution to block defense from receiving testimony needed in the defense. We were presenting as in Deering governments interference with defendants right to present a defense, including calling defense witnesses, violates the constitution.

D:SEARCH WARRANT TIMING

Prosecution states defense is trying to get a second bite of the apple but defense did not get a full fair opportunity to raise this issue. Since at the time of the suppression hearing of May 9th, 2012. Ther was no Macomb county report filed since it was n't seen as their case. The report wasn't filed until July 2nd, 2012 and defense didn't receive it until recently. The report states that at 5:30 A.M. the deputy assisted in the service of a search warrant on defendants home of all the logs and records kept from the search there is nothing in any time log until 7:20 A.M.. I find this to be too meticulous to be accidential. The fact taht F.B.I. agents report-ed observing defendant prior to service of. Warrant says they knew defendants sleep schedule and knew defendant worked second shift and normally would go to bed till early morning 3am-4am. Warrant was being led by Agent William Fleming a 25 year veteran of the  F.B.I. Who has served hundreds if not thousands of warrants and then has proceeded to give testimony  that is contradictory to already established testimony. As recently as February 14th, 2014 where he testified at a walker hearing in the state court in Macomb County and his testimony contradicts all known testimony as to defendant being handcuffed and in custody prior to questioning in F.B.I. car. A search warrant needs to be served during day time hours under rule 412/B "Daytime" means between the hours of 6:00 A.M. & 10:00 P.M. according to local time as per the only evidence available as to what time the warrant was served it was 5:30 A.M. not 6:00 A.M. Prosecution asks the court to take the Agents word for it but again the Agents word contradicts the Macomb County Sheriffs Report as the deputy is not part of any warrant squad and is basically a traffic oifficer. Ifind it likely that he is unaware of Rule 412/B of Federal Criminal Procedure and therefore had no reason not to make an accurate & truthful report. The warrant was served prior to 6:00A.M. and should be invalid.

E: ATTORNEY

Though I specificaly named Marlinga as ineffectual. I thought by saying appeal counsel didn't raise any of these points. I was including him  as well. Marlinga being Elected Judge hindered his ability to communicate prior to trial he was unprepared and distracted at the Franks Hearing and trial and did not object to major issues. Such as an EX-PARTE communication on May 9th, 2012. Between Judge and prosecutor involving a possible Giglio violation. Something that should have been argued in open court, as the prosecutor has stated on December 10th, 2012 Marlinga  had defendant sign a stipulation without explaining what I was signing. If defense counsel would have become familiar with the case  he would have known that the Elements weren't met and would not have stipulated to any thing. Marlinga stated numerous times that he is UNFAMILIAR with technology and yet he never hired any technical assistance in a case that is highly technical. Mr. Marlinga filed a motion to suppress entirely missing the Miranda Violation that occured during initial interrogation the violation incidentally was caught by your Honor As for appealate counsel Mr. Newarney wrote a total of two letters to the defendant. Never answered a call, never responded to a letter During my appeal I was held in 23 hour lockdown segregation and had no access to any Law Library. The only point he argued was the Miranda Violation and that arguement made it to verbal arguements. The arguements have been addressed earlier in this motion would have been better made if he communicated. The only communication was with defendants mother to tell her my arguements have no merit & defendant is NEVER going home.

F: RESTITUTION AWARD

Prosecution states defendant did not reference case law per the form used to file 2255 motion. Defendant did not reference any case law simply stated facts. The case law eluded to is - United States V. Galan, 2015 BL363014, 9th Cir., No. 14-30145 November 4th, 2015 in Galan, Paroline V. US. is referenced and is found to be "FUZZY" defense is not addressing restitution to the local victim only the child pornography defendant was convicted of possession of as in Galan it has been ruled that possession doesn't justify restitution.

G: DEFENDANTS CELL PHONE

During direct examination of Agent Matthew Zentz the prosecutor entered into evidence 5 screen shots labeled Government exhibit P-69 depicting text logs and media exchanged between the cell phone in question and an unknown woman named Christina the screen shots depicted the whole cell phone sitting on a table. December 11th, 2012. Page-88 Line 19-25. Prosecution states "There is nothing wrong with the F.B.I. and government preparing for trial by looking at the cellphone", which would be true  if they were using a working copy. Instead prosecution took it upon themselves to take the seized cell phone & turn it on then scroll through the texts & media on the phone by doing so they changed the MetaData attached to all the files on the cell phone changing the last accessed dates & times. The previous access dates no longer exist which is explained by Agent Zentz during his December 11th, 2012 testimony. A working copy is made to preserve digital media Evidence as in United States V. Flyer 633F.3dQ11 9th cir 2011. While attempting to make a working copy of the laptops hard drive Agent Meshinsky mistakenly accessed the files stored there changing the access dates to dates that post-date the seizure of the laptop. The laptop went on to be surpressed as the evidence was tainted. Defendant Wooten has no way of knowing how many times his cell phone was accessed by the Government but knows it was at least twice after seizure during which time a video appeared on the SDcard inserted in the phone at the time of these accesses the video having no MetaData could have come from anywhere at anytime. The only thing tying video to defendant is a voice Identification that is nothing more than the opinion of the Agents in question Per Flyer & Per, the Federal Rules Of Evidence & procedure. The cell phone should be suppressed.

## H: COMPARISION PHOTOGRAPHS

Prosecutor states that "Inclosing the defendant made the following arguements about the comparision" then goes on to quote trial transcript where Mr. Marlinga talks about the report it References photographs Q1 & K1, Q2 & K2. The report is a two page written report the video was sent to be analyzed after defendant learned of its existance and requested the F.B.I. to analyze the video. No where in any part of the trial or in prosecution or defense exibits will you find the actual pictures. They were never produced defendant did not realize there was a side by side photo of defendants penis & the penis from the video till December of 2014. While on trial in Macomb County. If the jury were to see this photo defense believes they would have no choice to rule that the person in the video is NOT the defendant.

For the reasons stated in this response as well as 2255 motion. Defendant requests Court to grant relief.

5/14/16

Thomas William Wooten

46423-039

Thomas Edward
46423-039
FCI Allenwood-Medium
Federal correctional institute
P.O Box 2000
White Dear PA
17887

MAY 16 2016

⇔46423-039⇔
The Clerk U S District Court
231 W.Lafayette Blvd, Fifth Floor
Detroit, MI 48226
United States 482 26

Legal Mail

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER, PA 17887-2500

DATE ——————— MAY 16 2016

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO RETURN THE
MATERIAL FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER ENCLOSES
CORRESPONDENCE FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE
ABOVE ADDRESS.