United States District Court
Eastern District of Michigan
Southern Division

Thomas William Wooten,

   Petitioner,       Criminal No. 12-20040
               Civil Case No. 16-10725

United States of America,    Hon. Marianne O. Battani

   Respondent.

_____/

**Response to Petitioner's Motion to Amend under 28 U.S.C.**
**§ 2255 Pursuant to Rule 60(b)(6)**

Petitioner Thomas William Wooten, disappointed in the denial of his federal habeas petition and the Sixth Circuit's denial of his request for a certificate of appealability, now seeks to reopen his habeas case through a Federal Rule of Civil Procedure 60(b) motion. This Court, however, should treat his motion as a "second or successive petition," and transfer it to the Court of Appeals for the Sixth Circuit for consideration. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**Background**

Wooten was convicted of producing, distributing, receiving, and possessing child pornography in 2012. (R. 55: Judgment). Following his

conviction, Wooten appealed, challenging only the denial of his pre-trial motion to suppress, and the Sixth Circuit affirmed. *United States v. Wooten*, 602 F. App'x 267 (6th Cir. 2015). One year later, Wooten filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (R. 68: Motion to Vacate). This Court denied Wooten's § 2255 petition in July 2018 (R. 78: Order Denying Petitioner's § 2255 Motion; 79: Notice of Appeal), and the Sixth Circuit denied Wooten's application for a certificate of appealability ("COA") in February 2019. (R. 81: Sixth Circuit Order).

Five months after the COA was denied, and almost a year after this Court denied his motion to vacate, Wooten filed a motion to "amend" his 28 U.S.C. § 2255 motion pursuant to Federal Rule of Civil Procedure 60(b)(6). (R. 82: Post-Judgment Motion to Amend; R. 87: Order Amending Filing Date). This Court ordered the government to respond. (R. 86: Order Requiring Response).

## Argument

Wooten's Rule 60(b) motion should be construed as a "second or successive" motion to vacate. "A rule 60(b) motion is a successive habeas petition when it 'seeks vindication of' or 'advances' one or more 'claims.'"

*Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-532 (2005)). A motion is said to bring a "claim" if it "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez*, 545 U.S. at 532 (emphasis in original).

Wooten's Rule 60(b) motion advances three claims for relief, each of which is a "claim" under *Gonzalez v. Crosby*. Wooten's first claim attacks this Court's ruling on his *Miranda* claim. Wooten's second claim attacks this Court's ruling on his challenge to Count Two of the Superseding Indictment. Finally, Wooten's third claim is a newly asserted ground for relief that goes beyond the substance of his original petition. Thus, none of Wooten's claims in his Rule 60(b) motion is a "nonmerits" or purely procedural challenge, and as a result his claims are subject to 28 U.S.C. § 2244(b) and must be authorized first by the Court of Appeals.

**I.  Wooten's first claim for relief is an attempt to re-litigate his *Miranda* and ineffective assistance of counsel claims.**

Wooten's trial counsel raised his *Miranda* claim in a pretrial motion to suppress and it was the sole issue in his direct appeal. *United States v. Wooten*, 602 Fed. App'x 267, 267 (2015). When Wooten raised his *Miranda* claim again in his § 2255 petition, this Court held correctly

that Wooten's *Miranda* challenge "was raised before and thoroughly addressed by the Court of Appeals" and that Wooten was not permitted to re-litigate this claim in his §2255 petition. (R. 78 at 1391). The Sixth Circuit in its denial of Wooten's request for a COA affirmed this Court's ruling, stating, "Reasonable jurists would not debate the district court's procedural ruling that Wooten's challenge to his statements to FBI agents had already been rejected on direct appeal." (R. 81 at 438).

Wooten's Rule 60(b) motion tries to re-package his *Miranda* claim as a separate basis for the ineffective assistance of counsel claim he raised in his § 2255 motion. (R. 82 at 1450). This Court ruled on the ineffective assistance counsel claim raised in Wooten's § 2255 petition. (R. 78 at 1409-1411). It was directed only to his trial counsel and said nothing about his handling of the pretrial motion. (R. 68 at 1322). Wooten's § 2255 petition listed his *Miranda* claim and his ineffective assistance of counsel claim as separate grounds for relief, and neither claim referenced the other. (*Id.* at 1314, 1322). Even in his Rule 60(b) motion, Wooten provides no indication of what either his trial or appellate counsel should have done differently in litigating his *Miranda* claim, or how a different strategy would have obtained a different

result. Accordingly, Wooten's first claim for relief in his Rule 60(b) motion is simply an attempt to re-present his *Miranda* claim and re-litigate his ineffective assistance of counsel claim.

## II. Wooten's second claim seeks to re-litigate a prior challenge to Count Two of the Superseding Indictment.

Wooten's second claim for relief is a repeat of an argument that Wooten made in his § 2255 petition. (R. 82 at 1451–64). Specifically, in his original § 2255 petition Wooten argued, "[a]ll elements of count two weren't met." (R. 68 at 1316). Although characterized as both a claim for "actual innocence" and ineffective assistance of counsel in his Rule 60(b) motion, Wooten's criticism related to Count Two essentially boils down to an attack on the evidence used by the government to convict him under this count. As such, his second claim for relief is an attempt to re-litigate an issue already raised in his prior § 2255 petition, and therefore his claim must be transferred to the Sixth Circuit for authorization. *See In re Nailor*, 487 F.3d 1018, 1020 (6th Cir. 2007).

## III. Wooten's third claim is a newly asserted ground for habeas relief.

Wooten also raises an "actual innocence" claim with respect to Count One of the Superseding Indictment. Wooten did not raise this

claim in his original § 2255 petition. Thus, his motion "does not confine itself to the substance of his first habeas petition" and therefore "'is in substance a successive habeas petition.'" *Sheppard v. Robinson*, 807 F.3d 815, 820 (6th Cir. 2015) (quoting *Gonzelez*, 545 U.S. at 531). Moreover, Wooten could have brought this claim in his original petition. For instance, Wooten relies on evidence established at trial to argue that he is "actually innocent" of the crime charged in this count, and does not point to any newly discovered evidence or reasons for why he was unable to raise this challenge sooner. (R. 82 at 1463–64). This further supports that Wooten's claim pertaining to Count One is to be treated as a second or successive § 2255 petition. *In re Nailor*, 487 F.3d at 1023 ("Because all of Nailor's arguments could have been raised in his first § 2255 motion, the § 2255 motion at issue is a second or successive § 2255 motion that requires our authorization for filing.") (citing *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006)).

## Conclusion

This Court should construe Wooten's Rule 60(b) motion as a motion for authorization to file a second or successive motion under 28

U.S.C. § 2255, and transfer it to the United States Court of Appeals for

the Sixth Circuit for consideration.

                                        Respectfully submitted,

                                        Matthew Schneider
                                        United States Attorney

                                        s/ *Trevor M. Broad*
                                        Trevor M. Broad
                                        Assistant United States Attorney
                                        Eastern District of Michigan
                                        211 West Fort Street, Suite 2001
                                        Detroit, MI 48226
                                        (313) 226-9100


Dated:  March 5, 2020

## Certificate of Service

I certify that on Thursday, March 5, 2020, I mailed a copy of this

response to the pro se petitioner at this address:

Thomas William Wooten
Federal Correctional Institution, Allenwood Medium
P.O. Box 2000
White Deer, PA 17887


s/ *Trevor M. Broad*
Assistant United States Attorney

8