# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: January 20, 2021

Mr. Trevor Broad
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Mr. Andrew Goetz
United States Attorney's Office
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Mr. Thomas William Wooten
F.C.I. Allenwood - Medium
P.O. Box 2000
White Deer, PA 17887

Re: Case No. 20-1736, *In re: Thomas Wooten*
Originating Case No. : 2:16-cv-10725 : 2:12-cr-20040-1

Dear Counsel and Mr. Wooten,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Ryan E. Orme
Case Manager
Direct Dial No. 513-564-7079

cc: Mr. David J. Weaver

Enclosure

No mandate to issue

No. 20-1736

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re:  THOMAS WILLIAM WOOTEN,

Movant.

)
)
)
)
)
)

FILED
Jan 20, 2021
DEBORAH S. HUNT, Clerk

O R D E R

Before:  DAUGHTREY, McKEAGUE, and THAPAR, Circuit Judges.

Thomas William Wooten, a pro se federal prisoner, moves this court for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  We decline to issue such an order because Wooten does not meet the narrow criteria for authorizing a second or successive § 2255 motion.  *See* 28 U.S.C. § 2255(h).

I.

In 2012, a federal grand jury returned a superseding indictment charging Wooten with two counts of producing child pornography, two counts of distributing child pornography, and single counts of receiving and possessing child pornography.  Prior to trial, Wooten moved to suppress evidence discovered during a search of his residence, statements that he made to Federal Bureau of Investigation ("FBI") agents prior to being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and statements that he made to FBI agents after he was "Mirandized."  The district court granted the motion with respect to Wooten's pre-*Miranda* statements but declined to suppress the physical evidence or Wooten's post-*Miranda* confession.  Thereafter, a jury found Wooten guilty on all six counts, and the district court sentenced him to terms of imprisonment ranging from 60 to 360 months, to be served concurrently.  On appeal, we affirmed, rejecting Wooten's claim that the district court had erred when it declined to suppress his post-*Miranda* confession.  *United States v. Wooten*, 602 F. App'x 267, 275 (6th Cir. 2015).

In 2016, Wooten filed a § 2255 motion, claiming, among other things, that:  (1) his post-*Miranda* statements to FBI agents should have been excluded and that he was not afforded a full opportunity to present his claim; (2) he is actually innocent of the production offense charged in count 2 because the government did not establish the "interstate commerce" element of the offense or that he produced the video in question; and (3) trial counsel rendered ineffective assistance by failing to properly prepare for the case and by rushing the case to trial.  Wooten also moved to amend his § 2255 motion to add a claim that the prosecutor made inflammatory remarks during closing argument.

The district court denied the § 2255 motion, concluding that:  (1) Wooten could not relitigate his *Miranda* claim because the issue had been rejected on direct appeal; (2) Wooten procedurally defaulted his second claim, and even assuming that he had established cause for failing to raise the issues on direct appeal, he failed to show that he had been prejudiced by any of the alleged errors; and (3) Wooten did not establish that counsel performed deficiently or that his performance prejudiced Wooten's defense.  The district court also denied Wooten's motion to amend his complaint because the new claim was untimely and the allegations supporting the claim did not relate back to his original § 2255 motion.  This court denied Wooten a certificate of appealability.  *Wooten v. United States*, No. 18-2055 (6th Cir. Feb. 13, 2019) (order).

In 2019, Wooten filed a Federal Rule of Civil Procedure 60(b) motion, arguing that:  (1) the district court erred when it denied his § 2255 motion without construing each of his claims as asserting that trial and appellate counsel had provided ineffective assistance, particularly with respect to his claim that his *Miranda* rights were violated; (2) he is actually innocent of count 2 because the government failed to present evidence that he produced the video, and trial and appellate counsel were ineffective for failing to present evidence of his innocence; and (3) the trial transcript "readily reveals" that he is actually innocent of count 1 because he did not own the laptop identified in his stipulation at the time the crime was committed, and trial and appellate counsel were ineffective for failing to present evidence of his innocence.  The district court construed the Rule 60(b) motion as a second or successive § 2255 motion because it challenged the resolution

No. 20-1736
- 3 -

of his original § 2255 motion on the merits and also raised new claims challenging his conviction and sentence.  Therefore, the district court transferred the motion to this court pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

In his corrected motion for authorization to file a second or successive § 2255 motion, Wooten argues that his Rule 60(b) motion raised a fundamental defect in the § 2255 proceeding, and he reasserts the claims that he presented in the Rule 60(b) motion.  He also claims that he has newly discovered evidence that establishes his actual innocence of count 2, in the form of a letter from his phone carrier that explains that his cell phone was not activated until November 2010, after the creation of the video recovered from his cell phone.  Finally, he argues that he was unable to present his claim of actual innocence of count 1 in his original § 2255 motion because the district court denied his request for a copy of the trial transcripts.

II.

A federal prisoner may file a second or successive § 2255 motion only upon certification by the court of appeals.  28 U.S.C. § 2255(h).  A Rule 60(b) motion challenging the denial of a § 2255, motion counts as a second or successive § 2255 motion if, among other reasons, it asks the district court to reconsider a habeas claim on the merits or if it raises a new ground for habeas relief.  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  A Rule 60(b) motion is not a second or successive § 2255 motion, however, if it challenges "a defect in the integrity" of the original § 2255 proceeding.  *Id.*, at 532.

The district court properly construed Wooten's Rule 60(b) motion as a second or successive § 2255 motion.  In his Rule 60(b) motion, Wooten first argues that his counsel rendered ineffective assistance in handling the *Miranda* claim.  [Rule 60(b) motion, 2:12-cr-20040-MOB-RSW, ECF No. 82, Pg. ID 1149.]  Since Wooten did not press this ineffective assistance claim in his original § 2255 motion, his Rule 60(b) motion raises a "new ground for relief" and thus must be treated as a second or successive § 2255 motion.  *Id.*  [Original § 2255 motion, 2:12-cr-20040-MOB-RSW, ECF No. 68, Pg. ID 1314–15.]

No. 20-1736
- 4 -

The remaining two issues that Wooten raises in his Rule 60(b) motion are also claims for habeas relief rather than challenges to the integrity of the original § 2255 proceeding. Wooten next argues that the government failed to prove all elements of the offense charged in count 2 (production of child pornography). [Rule 60(b) motion, 2:12-cr-20040-MOB-RSW, ECF No. 82, Pg. ID 1451.] Wooten made this argument in his original § 2255 motion and the district court rejected that claim on the merits. *See Gonzales*, 545 U.S. at 532 n.4. [2:12-cr-20040-MOB-RSW, ECF No. 78. Pg. ID 1392–97.] Wooten's Rule 60(b) motion attacks the district court's resolution of that claim and thus it must be treated as a second or successive § 2255 motion. *Id.*, at 532 Finally, Wooten argues that his trial and appellate counsel were ineffective for failing to present evidence of his actual innocence of the offense charged in count 1 (production of child pornography). [Rule 60(b) motion, 2:12-cr-20040-MOB-RSW, ECF No. 82, Pg. ID 1463.] Wooten did not raise this claim in his original § 2255 motion, and so it too must be treated as second or successive. *Id.*

## III.

Before we may grant a request to file a second or successive § 2255 motion, the movant must make a prima facie showing that its proposed claims rely on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(C).

With respect to the new claim of ineffective assistance relating to trial and appellate counsel's handling of the *Miranda* claim, Wooten does not satisfy the requirements for authorizing him to file second or successive § 2255 motion. Wooten concedes that this claim does not rely on newly discovered evidence. [R. 5, Pg. 5] And the claim does not rely on a new, previously unavailable rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(h)(2).

No. 20-1736
- 5 -

Nor does Wooten's new claim of actual innocence of count 1 merit a second or successive § 2255 motion. Wooten does not purport to rely on a new rule of constitutional law. And Wooten's challenge to his conviction on count 1 is not based on newly discovered evidence; to the contrary, it is based on the trial record. Wooten's argument that the district court delayed granting him a copy of the trial transcript was a matter for direct appeal of the denial of his § 2255 motion. It does not satisfy § 2255(h)(1)'s criteria for authorization of a second or successive motion.

Finally, Wooten's claim of actual innocence and ineffective assistance of counsel with respect to count 2 also fails the standard for authorizing a second or successive § 2255 motion. Wooten says that this claim relies on newly discovered evidence—a letter from his phone carrier indicating that his cell phone registered on the network after he allegedly used the phone to produce child pornography. [R. 5, Pg. 6] Wooten does not explain why he could not obtain this letter ahead of trial. But even if we were to assume that the letter constitutes new evidence, it is insufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Wooten guilty of producing child pornography. As the district court thoroughly explained when rejecting a similar claim in Wooten's original § 2255 motion, there is a "considerable body of evidence from which the jury reasonably could have inferred that [Wooten] produced" the child pornography as charged in count 2, including pictures on the same phone that show Wooten together with the victim. [2:12-cr-20040-MOB-RSW, ECF No. 78, Pg. ID 1395.]

Accordingly, Wooten's motion for authorization of a second or successive § 2255 motion to challenge his conviction is **DENIED.**

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk